PEOPLE, PLAINTIFF AND APPELLLEE, *v.* CONCEPCIÓN, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution
for Mayhem.—Motion to Amend Record.

No. 1909.—Decided March 28, 1922.

INSTRUCTIONS TO JURY—EXCEPTIONS—STATEMENT OF CASE—APPEAL—ERROR.—
The fact that the instructions given by the court to the jury and its refusal
to give those proposed by the defendant were not duly excepted to is not a
sufficient reason for their exclusion from the statement of the case, for even
in the absence of such exceptions they can be examined by the Supreme Court
to ascertain whether the court committed a fundamental error in giving and
refusing to give the instructions.

The facts are stated in the opinion.

*Mr. J. R. Aponte* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

For the perfection of the present appeal the appellant
presented in the lower court a statement of the case which
was approved by the trial judge after striking out the in-
structions given to the jury and the refusal to give those
proposed by the defendant's attorney, for the reason that no
exceptions were taken. Therefore, the said instructions do
not appear in the transcript of the record sent up by the
clerk. The appellant moved this court to order the clerk
to send up the said instructions, in accordance with section
356 of the Code of Civil Procedure, as amended by the Act
of March 7, 1908, and it was so ordered. The said clerk
sent up the instructions and certified that they so appeared
in the statement of the case presented by the defendant, but
were stricken out by order of the court, and that the said
oral instructions were not reduced to writing nor signed by
the judge. Considering all this, it is now moved that this
court order the clerk of the trial court to send up the said
instructions duly signed by the judge and that the order be
extended to the judge.

In order that we may consider the instructions given by

the judge to the jury, it is necessary that they should be certified to by him. *People* v. *Coll,* 18 P. R. R. 355; *People* v. *Laporte,* 19 P. R. R. 43; *People* v. *Ortiz,* 19 P. R. R. 289. Rule 76 of the Supreme Court requires that when application is made to this court to add to the record the instructions given to the jury in the court below, such application shall be refused unless the appellant can show some effort on his part made before the transmission of the record to this court to have the instructions reduced to writing and signed by the judge, and that such application has been refused for improper reasons.

According to an affidavit of the appellant's attorney, he obtained from the court stenographer a certified typewritten copy of the instructions given by the judge to the jury and included them in the statement of the case, but they were stricken out and not certified to on the ground that no exception had been taken. This was not a good reason for striking from the statement of the case the instructions given to the jury, for even in the absence of an exception they can be examined by the Supreme Court to ascertain whether the court committed fundamental error in the instructions. *People* v. *Fernández,* 14 P. R. R. 611; *People* v. *Bárrios,* 23 P. R. R. 772; *People* v. *López,* 24 P. R. R. 410; *People* v. *Hernández et al.,* 25 P. R. R. 616; *People* v. *Ramírez de Arellano,* 25 P. R. R. 243; *People* v. *Figueroa,* 26 P. R. R. 687.

The appellant being protected by the rule cited, an order will be issued to the clerk to send up to this court the instructions given by the judge to the jury, certified to by the judge, and also those that were asked for and refused.

*Motion sustained.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.